UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN L. GRANT et al., <br><br> Plaintiffs, <br> v. <br><br> BROADMARK REALTY CAPITAL INC. et al., <br><br> Defendants. | CASE NO. 2:25-cv-01013-LK <br><br> ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL |

This matter comes before the Court on Plaintiff Brian Grant's motion for an order appointing him as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and approving his selection of Robbins Geller Rudman & Dowd LLP as lead counsel and Keller Rohrback L.L.P. as liaison counsel. Dkt. No. 27. Defendants filed a notice stating that they do not oppose the motion. Dkt. No. 29. For the reasons set forth below, the Court grants the motion.

**I.   BACKGROUND**

On May 28, 2025, Plaintiff Brian Grant, individually and as trustee of the Brian L. Grant

ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL - 1

Living Trust, and MCN Holdings LLC (collectively, "Dr. Grant"), filed this action on behalf of himself and a putative class of all holders of common stock of Broadmark Realty Capital Inc. as of the record date of the May 2023 merger of Broadmark and Ready Capital Corporation. Dkt. No. 1 at 3. The complaint asserts claims under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78n(a), SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Broadmark and certain of its former officers and directors, Ready Capital and certain of its current and former executive officers and directors, and Ready Capital's affiliated investment manager. *Id.*

## II.  DISCUSSION

### A.  Legal Standard

In securities class actions under the PSLRA, 15 U.S.C. §§ 77a–77aa, the Court must appoint a lead plaintiff to "monitor, manage and control the litigation" who "owes a fiduciary duty to all members of the proposed class." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1020, 1032 (N.D. Cal. 1999). The lead plaintiff should be the class member "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). To determine an appropriate plaintiff to serve this role, the PSLRA sets up a three step process: (1) public notice of the pending lawsuit, (2) identification of a "presumptively most adequate plaintiff," and (3) an opportunity for other putative class members to rebut the appointment of the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002); *see also* 15 U.S.C.A. § 78u-4(a)(3)(A)–(B).

To satisfy the public notice requirement, within 20 days of filing the complaint, the plaintiff or plaintiffs "shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" (1) of "the pendency of the action, the claims asserted therein, and the purported class period"; and (2) "that,

not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i). "As the first step in the process, proper notice is vital and a court has an independent duty to scrutinize published notice for compliance with the PSLRA requirements." *Kanugonda v. Funko, Inc.*, No. C18-812RSM, 2018 WL 4963231, at *2 (W.D. Wash. Oct. 15, 2018) (citation modified); *see also Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (the district court has a duty to look after the interests of absent class members).

Not later than 90 days after this notice is published, "the court shall consider any motion made by a purported class member in response to the notice" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," referred to in the statute as the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(i). The statute contains a "rebuttable presumption" that the most adequate plaintiff is the person who "has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); . . . has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 77z-1(a)(3)(B)(iii)(I). In addition, the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 77z-1(a)(3)(B)(v).

**B.    The Court Appoints Brian Grant as Lead Plaintiff**

Dr. Grant requests to be appointed as lead plaintiff because he "(1) timely filed this motion; (2) has the largest financial interest in the outcome of the Merger proxy claims that are the subject of this litigation; and (3) will typically and adequately represent the class's interests." Dkt. No. 27 at 2 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)).

The Court first finds that timely notice was provided: on May 28, 2025, the same day the

ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL - 3

complaint was filed, Dkt. No. 1, notice of the pendency of this action was published in *Globe Newswire*, a national business-oriented wire service. Dkt. No. 28 at 2.[1] The published notice advised putative class members of "the pendency of the action, the claims asserted therein, and the purported class period," and "that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i); *see also* Dkt. No. 28-1 at 2–4 (noting that holders of Broadmark common stock had until July 28, 2025 to seek appointment as lead plaintiff). In addition, Dr. Grant timely filed this motion within 60 days of the notice. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i); Dkt. No. 27.

It also appears that Dr. Grant is the most adequate plaintiff. At the close of business on the record date, he held 1,563,376 shares of Broadmark Realty Capital Inc. common stock in his own name, through the Brian L. Grant Living Trust, and through MCN Holdings LLC—his family's "investment vehicle" for which he serves as the General Manager. *See* Dkt. No. 1 at 30–33; Dkt. No. 28-2 at 2; *see also In re Outerwall Inc. Stockholder Litig.*, No. C16-1275JLR, 2017 WL 881382, at *4 (W.D. Wash. Mar. 6, 2017) (utilizing shares held to determine largest financial interest). Dr. Grant also alleges that he suffered financial losses due to Defendants' alleged misconduct. Dkt. No. 28-2 at 2.

Turning to the Rule 23 requirements, "[o]n a motion to appoint a lead plaintiff, the court focuses solely on the typicality and adequacy requirements." *In re Outerwall Inc. Stockholder Litig.*, 2017 WL 881382, at *4; *see also In re Cavanaugh*, 306 F.3d at 730 n.5. To establish typicality, plaintiffs must show that "the claims or defenses of the representative parties are typical

---

[1] Plaintiff's exhibit—which is a printed copy of what appears online—appears to be missing some text. *Compare* Dkt. No. 28-1, *with* https://www.globenewswire.com/news-release/2025/05/28/3090019/0/en/INVESTOR-ALERT-Robbins-Geller-Rudman-Dowd-LLP-Files-Class-Action-Lawsuit-Against-Broadmark-Realty-Capital-Inc-Ready-Capital-Corporation-Others-and-Announces-Opportunity-for-Investo.html (last visited September 11, 2025). Even so, the filed copy includes the required information.

ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL - 4

of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)) (citation modified).[2] Dr. Grants argues, and the Court finds, that his claims are typical of those of the class because, "just like all other class members," he: (1) held Broadmark Realty Capital Inc. common stock on the record date; (2) was adversely affected by the false and misleading statements identified in the complaint; and (3) suffered damages as a result. Dkt. No. 27 at 5. "The adequacy inquiry is addressed by answering two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023) (internal quotation marks and citation omitted). Dr. Grant contends that he is an adequate representative of the class "because his interests are aligned with the putative class," he "retained competent and experienced counsel to investigate the claims at issue, file the initial complaint in this matter, and litigate this case," and his "substantial financial stake provides the requisite interest to ensure vigorous advocacy." Dkt. No. 27 at 5. Again, the Court agrees with Dr. Grant.

Finally, no one has opposed this motion, and no other candidate has come forward or rebutted the presumption that Dr. Grant is the most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Accordingly, the Court finds that Dr. Grant is the most adequate plaintiff, and it appoints him lead plaintiff.

---

[2] Typicality "tend[s] to merge" with the commonality requirement of Rule 23, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13, (1982), which requires plaintiffs seeking class certification to show that their claims "depend upon a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

### C. The Court Appoints Lead Counsel and Liaison Counsel

The most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). Dr. Grant states that his "selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members." Dkt. No. 27 at 2; *see also id.* at 5–6 (detailing the firm's experience with complex securities issues and noting that additional information is available at https://www.rgrdlaw.com). Dr. Grant also requests that the Court approve Keller Rohrback, his choice of liaison counsel, because the firm "has the experience, financial resources, and personnel to successfully pursue large scale cases such as this, and appears regularly in both federal and state courts within Washington." *Id.* at 6–7 (noting that additional information is available at www.krcomplexlit.com).

The information submitted indicates that Robbins Geller Rudman & Dowd LLP is a 200-attorney nationwide firm that has litigated numerous complex securities cases, as well as a variety of other complex class actions. *See, e.g.*, *id.* at 6; Dkt. No. 28-1 at 4. Keller Rohrback also has notable experience as lead or co-lead counsel in large and significant securities class actions and other complex class actions. *See* Dkt. No. 27 at 7; *see also Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1076 (W.D. Wash. 2011) (appointing Keller Rohrback as liaison counsel). No objections have been filed concerning either law firm's qualifications to serve in their respective capacities. Accordingly, the Court appoints Robbins Geller Rudman & Dowd LLP as lead counsel, and Keller Rohrback as liaison counsel in accord with Dr. Grant's request.[3]

---

[3] Plaintiff's proposed order includes a request that this case shall constitute the "master file for the action" and "[a]ll securities class actions on behalf of holder[s] of Broadmark Realty Capital Inc. securities subsequently filed in, or transferred to, this District shall be consolidated into this action." Dkt. No. 27-1 at 2. The Court does not consider this request because it was not in the motion itself, and it would be premature to order that other unidentified cases be consolidated into this one.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Dr. Grant's motion for appointment of lead plaintiff and counsel. Dkt. No. 27. The Court hereby APPOINTS Brian Grant as lead Plaintiff, Robbins Geller Rudman & Dowd LLP as Plaintiffs' lead counsel, and Keller Rohrback L.L.P. as Plaintiffs' liaison counsel.

Dated this 15th day of September, 2025.

Lauren King
United States District Judge

ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL - 7